## Agustin MORALES–RIVERA, Plaintiff, Appellant,

v.

## UNITED STATES, Defendant, Appellee.

### No. 98–2073.

United States Court of Appeals, First Circuit.

Submitted April 12, 1999.

Decided Aug. 25, 1999.

Agustin Morales–Rivera on brief pro se.

Guillermo Gil, United States Attorney, Miguel A. Fernandez, Assistant U.S. Attorney, and Lisa E. Bhatia Gautier, Assistant U.S. Attorney, on brief for appellee.

Before BOUDIN, Circuit Judge, CAMPBELL, Senior Circuit Judge, and STAHL, Circuit Judge.

PER CURIAM.

We are presented with the issue of whether the prisoner mailbox rule applies to the filing of motions under 28 U.S.C. § 2255 and § 2254. We hold that *a pro se* prisoner's motion under 28 U.S.C. § 2255 or § 2254 is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court, provided that the prisoner utilizes, if available, the prison's system for recording legal mail.[1]

In 1992, the appellant pled guilty to drug charges and was sentenced to 151 months in prison. On August 5, 1997, the district court received his motion to vacate sentence under 28 U.S.C. § 2255 alleging, *inter alia,* ineffective assistance of appellate counsel and sentencing errors. Without deciding the merits, the district court dismissed the motion as untimely because it was not filed within one-year of the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), April 24, 1996.

The appellant moved for reconsideration. He asserted that although his motion was received by the district court

---

1. The question of whether a § 2254 petition should be deemed to comply when so deposited, if it is not also accompanied by the required fee, is a matter we do not address because it has no bearing on the outcome of this case.

three-months after the deadline, the motion was timely filed under the prisoner mailbox rule because he placed it "first-class postage prepaid in the institution's internal mail system before the last day of filing."

The district court denied the motion. It acknowledged that in certain cases *pro se* prisoners' pleadings are deemed filed when submitted to prison authorities for mailing to the district court. *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Reid v. State of New Hampshire,* 56 F.3d 332, 340 n. 16 (1st Cir.1995). Nonetheless, it concluded that as a matter of law the prisoner mailbox rule governs only pleadings with filing periods which are shorter than AEDPA's one-year period. We granted a certificate of appealability on the issue of the timeliness of the appellant's § 2255 motion.[2]

In *Houston,* the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk. The Court reasoned that the moment of filing was not specified in the procedural rules governing notices of appeal. The prisoner mailbox rule fosters parity between *pro se* prisoners and other litigants and furthers the policies which generally inform the concept of filing. *Pro se* prisoners have no choice but to rely for filing on prison authorities and the postal service. They cannot monitor delivery processes or take independent, remedial measures to ensure timeliness when the mail goes awry. Their isolation impairs their ability to prove, where applicable, that delays are due to prison authorities or clerical error. In short, unlike other litigants, they cannot ensure that their pleadings will be recognized as timely by the district court no matter how promptly and diligently they act.

In addition, definitions of filing reflect pragmatic *desiderata,* including, the need to limit factors affecting timeliness to those within litigants' control and the need to discourage disputes about filing-dates. *Pro se* prisoners lose control over their pleadings upon submission to the warden. Reliance on the date of submission to determine the time of filing minimizes uncertainty, given prison procedures for logging legal-mail.

These considerations apply with equal force to § 2255 and § 2254 motions. Unlike represented prisoners or non-incarcerated convicts, *pro se* prisoners have no choice but to rely for filing upon prison and postal authorities over whom they exercise no control. They cannot ensure that their motions will be received by the clerk on time no matter how diligently or far in advance they act. The mailbox rule helps ensure equal access to the courts and functionally equivalent time-bars for *pro se* prisoners. *See Alves v. Matesans,* 20 F.Supp.2d. 135, 137 (D.Mass.1998)(finding no practical or principled justification for refusing to apply the prisoner mailbox rule to a petition under 28 U.S.C. § 2254); *Piacentini v. Levangie,* 998 F.Supp. 86, 87 (D.Mass.1998)(§ 1983 complaint with a 3-year limitations period was timely-filed under Fed. Rule Civ. P. 5 when sent through the prison's legal-mail system).

Other circuits which have considered the issue have applied the prisoner mailbox rule to motions under 28 U.S.C. § 2254 or § 2255.[3] Although *Allen v. Dowd,* 964 F.2d 745 (8th Cir.1992), has been invoked for the proposition that the mailbox rule governs only short filing-deadlines, after the district court issued its opinion in the present case, the Eighth Circuit ruled that

---

**2.** After the certificate was granted, we decided one of the issues presented by recognizing that prisoners convicted before AEDPA's effective date have one-year thereafter in which to file their § 2255 motions. *Rogers v. United States,* 180 F.3d 349 (1st Cir.1999).

**3.** *See Peterson v. Demskie,* 107 F.3d 92 (2nd Cir.1997) (dictum)(§ 2254 petition); *Burns v. Morton,* 134 F.3d 109 (3rd Cir.1998); *Spotville v. Cain,* 149 F.3d 374 (5th Cir.1998) (*per curiam* )(§ 2254 petition); *Sonnier v. Johnson,* 161 F.3d 941, 944 (5th Cir.1998) (*per curiam*)(§ 2254 petition); *In re Sims,* 111 F.3d 45, 47 (6th Cir.1997)(§ 2255 and

*Dowd* does not survive AEDPA. *Nichols v. Bowersox,* 172 F.3d 1068 (8th Cir.1999) (until AEDPA established a limitations period for § 2254 petitions, *Houston's* concerns about the special hurdles faced by *pro se* prisoners in meeting filing deadlines were irrelevant).

We agree that there is no practical or principled justification for refusing to apply the prisoner mailbox rule to the filing of motions under 28 U.S.C. § 2255 and § 2254. We *vacate* the judgment of the district court and *remand* for a determination of whether the appellant deposited his petition in the prison's internal mail system by the deadline using, if available, the prison's legal-mail system.[4]

*Vacated and remanded.*

---

§ 2244(b)(3)); *Jones v. Bertrand,* 171 F.3d 499 (7th Cir.1999)(§ 2254 petition); *Nichols v. Bowersox,* 172 F.3d 1068 (8th Cir.1999); *Adams v. United States,* 173 F.3d 1339 (11th Cir.1999) *(per curiam )*(§ 2255 petition).

4. Nothing in this opinion is designed to prevent the government from contending, if this is its position, that the appellant did not utilize the prison mail system at all or, if available, did not use the prison's system for recording legal mail. Similarly, it is free to argue, if this is its position, that the original filing was not properly addressed due to the appellant's negligence, that no properly addressed filing was deposited in the prison mail system prior to the deadline, and that the appellant should be debarred under these circumstances from obtaining the benefit of the mailbox rule. As these issues have not been fully developed, we express no opinion whatever about their proper resolution.