# United States Court of Appeals

## For the First Circuit

No. 12-2177

MARITZA ÁLAMO-HORNEDO,

Plaintiff, Appellant,

v.

JUAN CARLOS PUIG and JOSÉ PÉREZ-RIERA, Members,
Junta de Reestructuración y Estabilización Económica y Fiscal,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Howard, Selya and Lipez,

Circuit Judges.

Dennis B. Parces Enriquez, with whom Luis G. Salas González
was on brief, for appellant.
Rosa Elena Pérez-Agosto, Assistant Solicitor General, with
whom Margarita Mercado-Echegaray, Solicitor General, was on brief,
for appellees.

March 17, 2014

**SELYA, Circuit Judge.** A leading lexicographer defines a statute of limitations as "a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." Black's Law Dictionary 1546 (9th ed. 2009). The main reason for establishing a limitations period is to ensure the diligent presentation of known claims by promoting the "elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities." Rotella v. Wood, 528 U.S. 549, 555 (2000). When — as in the case at hand — a plaintiff dawdles, bad things often happen. So it is here: because plaintiff-appellant Maritza Álamo-Hornedo failed to commence her action within the time prescribed by the applicable statute of limitations, we affirm the district court's order of dismissal.[1]

Inasmuch as this appeal follows the grant of a motion to dismiss, we glean the relevant facts from the complaint. See A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 79 (1st Cir. 2013); SEC v. Tambone, 597 F.3d 436, 438 (1st Cir. 2010) (en banc).

In 2009, the plaintiff worked for the Parole Board of Puerto Rico, but economic forces placed her employment in jeopardy. That spring, the Puerto Rico legislature enacted a series of

---

[1] Originally, this action was brought by three plaintiffs. One voluntarily dismissed her claims. Another went to judgment in the district court, but did not appeal. Consequently, we treat Álamo-Hornedo as the sole plaintiff and appellant.

austerity measures, collectively known as "Law 7," designed to improve the island's dire financial straits. The measures included a brute-force reduction in the size of the government: Commonwealth employees with less than 13.5 years of service were to be terminated.

Despite its harshness, Law 7 had a few oases of job security. For example, it spared certain public safety sectors (e.g., police and fire). An amendment to the law created additional oases. These newly created oases included an exemption for employees of the Parole Board. See P.R. Laws Ann. tit. 3, § 8797(m).

In light of this amendment, the plaintiff believed that she would be shielded from the adverse effects of Law 7. Her hopes were dashed when, less than four months later, she received a letter from the body charged with implementing Law 7 (the Junta de Reestructuración y Estabilización Económica y Fiscal (JREF)) notifying her that she would be terminated pursuant to that law. The wheels, once set in motion, continued to turn despite the plaintiff's protests. The process culminated in a final termination letter received by the plaintiff on February 26, 2010. As provided in that letter, her employment was ended on March 5, 2010.

That summer, the union to which the plaintiff belonged filed suit in the local Court of First Instance. The union's suit

sought to reinstate the plaintiff and other unionized Parole Board employees who were similarly situated, and to recover back pay for them. The union prevailed and a judgment entered in its favor on February 3, 2011.

Although the plaintiff was reinstated to her position, the pot continued to boil. Eight months after the Court of First Instance entered its judgment, the plaintiff repaired to the federal district court. She invoked federal question jurisdiction, see 28 U.S.C. § 1331, and alleged that the JREF's members, including defendants-appellees José Pérez-Riera and Juan Carlos Puig,[2] had deprived her of due process of law in violation of 42 U.S.C. § 1983. She also asserted supplemental claims arising under Puerto Rico law. All of these claims sought compensatory and punitive damages.

The defendants moved to dismiss the complaint, arguing that the plaintiff's section 1983 claim was time-barred. The district court agreed and dismissed the section 1983 claim with prejudice. At the same time, it declined to exercise supplemental jurisdiction over the plaintiff's remaining claims, dismissing them without prejudice. See 28 U.S.C. § 1367(c)(3). This timely appeal followed.

---

[2] The remaining members of the JREF, originally named in the suit, were voluntarily dismissed below and are not parties to this appeal. The record is tenebrous as to whether this voluntary dismissal included Puig. Since nothing turns on that datum, we do not pause to resolve Puig's status.

-4-

The plaintiff assigns error to the district court's application of the statute of limitations. Section 1983 claims borrow the forum state's statute of limitations for personal-injury actions. See City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 123 n.5 (2005). For this purpose, Puerto Rico is the functional equivalent of a state. See Santiago v. Puerto Rico, 655 F.3d 61, 69 (1st Cir. 2011).

Although section 1983 borrows its limitations period from state law, the accrual date for a section 1983 claim is measured by federal law. See Morán Vega v. Cruz Burgos, 537 F.3d 14, 20 (1st Cir. 2008). Under federal law, such a cause of action accrues "when the plaintiff knows, or has reason to know of the injury on which the action is based." Id. (internal quotation marks omitted).

In Puerto Rico, the borrowed limitations period is one year. See Rodriguez Narvaez v. Nazario, 895 F.2d 38, 42 (1st Cir. 1990) (citing P.R. Laws Ann. tit. 31, § 5298(2)). The court below held that the plaintiff's section 1983 claim accrued no later than February of 2010, when the plaintiff received the final termination letter. Her federal complaint, which was not filed until October 20, 2011, therefore came too late.

The plaintiff argues that the district court started with the wrong date. In her view, the section 1983 claim did not accrue until February of 2011, when the Court of First Instance entered a

-5-

judgment vindicating her position. Without that judgment, she posits, her injury was too ethereal to be the stuff of a concrete cause of action and, thus, too ethereal to trigger accrual.

This argument will not wash. By the time that she received formal notice of her imminent termination (February 26, 2010), the plaintiff knew of her injury and of its cause (the defendants' actions). No more was exigible.

To be sure, the plaintiff laments that she did not then have judicial confirmation of the unlawfulness of her firing. But to our knowledge, no court has ever been so vain as to deem judicial evaluation of an adverse employment decision the sine qua non of the accrual of a section 1983 claim based on that decision. Rather, the case law is consentient that such a claim accrues when the employee is given notice of the adverse employment decision. See, e.g., Chardon v. Fernandez, 454 U.S. 6, 8 (1981) (per curiam); López-González v. Municipality of Comerío, 404 F.3d 548, 551 (1st Cir. 2005); Morris v. Gov't Dev. Bank, 27 F.3d 746, 749 (1st Cir. 1994). This makes perfect sense: in, say, a case in which an employee's underlying claim is one of wrongful termination of employment, the injury of which the plaintiff complains is her ouster, not judicial recognition that her ouster was illegal.

The plaintiff also suggests that her prior suit in the Court of First Instance somehow tolled the statute of limitations. This suggestion is fanciful.

-6-

To begin, exhaustion of state remedies is not a condition precedent to the maintenance of a section 1983 action. See Patsy v. Bd. of Regents, 457 U.S. 496, 516 (1982); Rogers v. Okin, 738 F.2d 1, 5 (1st Cir. 1984). Thus, the commencement and pendency of a state proceeding ordinarily does not toll the limitations period for a parallel action under section 1983. See, e.g., Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 93 (1st Cir. 2004); Ramirez de Arellano v. Alvarez de Choudens, 575 F.2d 315, 319 (1st Cir. 1978). The plaintiff attempts to parry this thrust by noting that, under Puerto Rico law, the statute of limitations can be "interrupted" by, among other things, suing on the relevant claim. P.R. Laws Ann. tit. 31, § 5303. Once the court action "comes to a definite end," the "statute of limitations begins to run anew." Rodríguez-García, 354 F.3d at 97 (internal quotation marks omitted).

The plaintiff's reliance on this principle elevates hope over reason. In order to have the tolling effect desired by the plaintiff, the complaint in the first action "must assert causes of action identical to" those asserted in the second action. Id. (internal quotation marks omitted).

This identicality requirement has three facets. The two actions "must seek the same form of relief"; they "must be based on the same substantive claims"; and they "must be asserted against the same defendants in the same capacities." Id. at 98. The

plaintiff offers no developed argumentation sufficient to show that she satisfies these conditions.

In all events, it is readily apparent that the plaintiff has not satisfied the identicality requirement. The first action, brought in the Court of First Instance, sought the equitable remedies of reinstatement and back pay; the second action, brought in the federal district court, sought the legal remedies of compensatory and punitive damages. Thus, it is nose-on-the-face plain that the two actions did not seek the "same form of relief."

We hasten to add that this conclusion breaks no new ground. This court has held, squarely and repeatedly, that under Puerto Rico law, "seeking only equitable relief does not toll the statute of limitations where the subsequent complaint . . . seeks damages." Nieves-Vega v. Ortiz-Quiñones, 443 F.3d 134, 137 (1st Cir. 2006) (collecting cases).

In view of the plaintiff's failure to satisfy the first facet of the identicality requirement, we need not inquire into the other two facets. Puerto Rico law is pellucid that a plaintiff who seeks to interrupt the running of a statute of limitations on this basis must satisfy all three facets of the identicality requirement. See, e.g., Santana-Castro v. Toledo-Dávila, 579 F.3d 109, 116 (1st Cir. 2009); Nieves-Vega, 443 F.3d at 137-38.

That ends this aspect of the matter. When all is said and done, the plaintiff's decision to sit idly by while the

proceedings in the Court of First Instance unfolded dooms her tardy attempt to assert a federal claim. Although waiting for the Commonwealth court's ruling may have served to strengthen the plaintiff's belief that her firing was illegal, there is no requirement that a person who wishes to pursue a section 1983 claim premised on an allegedly wrongful termination of employment await an independent finding that her dismissal was unlawful. Consequently, the plaintiff's election to await a ruling by the Court of First Instance does not justify her failure to bring her federal claim within the time allotted by statute.

There is one loose end. The plaintiff ruminates that because the union's suit resulted in the issuance of an injunction, the instant action should be deemed timely. It is hard to follow the logic of these musings, but no useful purpose would be served by probing the point. It suffices to explain that the plaintiff advanced this theory for the first time in her reply brief. Black-letter law holds that, in the absence of exceptional circumstances, arguments presented for the first time in an appellant's reply brief are deemed waived. See Sandstrom v. ChemLawn Corp., 904 F.2d 83, 87 (1st Cir. 1990). There are no exceptional circumstances here.

We need go no further.[3]  This case is a shining example of the oft-stated precept that "[t]he law ministers to the vigilant not to those who sleep upon perceptible rights."  Puleio v. Vose, 830 F.2d 1197, 1203 (1st Cir. 1987).  It follows that, for the reasons elucidated above, the district court did not err in dismissing the plaintiff's action.

**Affirmed.**

----

[3] The defendants have offered a salmagundi of other arguments as alternative grounds for the dismissal of the action.  Given our view of the operation of the statute of limitations, we need not address any of these arguments.