Javier **TORRES NEGRON**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Civil No. 11–1264 (DRD).
Criminal No. 08–204 [2] (DRD).

United States District Court,
D. Puerto Rico.

Signed March 18, 2014.

Javier Torres-Negron, pro se.

Nelson J. Perez-Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

DANIEL R. DOMÍNGUEZ, District Judge.

Pending before the Court is petitioner Javier Torres Negrón ("Torres Negrón") *Motion To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody* pursuant to 28 U.S.C. § 2255. *See* Docket No. 1. For the reasons set forth below, the petitioner's motion under 28 U.S.C. § 2255 is denied, as being time barred.

This matter was referred to United States Magistrate Judge Justo Arenas ("Magistrate Judge Arenas" or "Magistrate Judge"), who recommended, through a *Report and Recommendation* entered on February 9, 2012, that the petitioner's motion for post-conviction relief be denied. *See* Docket No. 6. As of this date, the *Report and Recommendation* issued by Magistrate Judge Arenas stands unopposed.[1] The *Report and Recommendation* is, hence, deemed unopposed to be reviewed only under the "plain error" standard.

---

1. The record shows that on March 26, 2012, that is, 28 days after the due to file the objections to the *Report and Recommendation* entered by Magistrate Judge Arenas, the petitioner filed a *Pro Se Petitioner's Motion for Leave to Supplement his Previously filed 28 U.S.C. § 2255 Motion*, Docket No. 7. The Court has considered the request as a supplemental filing.

## Standard of Review

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."); Rule 72 of the Local Rules for the District of Puerto Rico ("Local Rules"). *See Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). As a general rule, an adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72; Fed.R.Civ.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in its pertinent part, provides that:

> Within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

■ However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). Thus, in order to accept the unopposed *Report and Recommenda-tion,* the Court needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n,* 79 F.3d 1415, 1419 (5th Cir.1996) *(en banc )* (extending the deferential "plain error" standard of review to the unobjected legal conclusions of a magistrate judge); *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982) *(en banc )* (appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras–Cartagena v. United States,* 172 F.Supp.2d 296, 305 (D.P.R.2001) ("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed. R.Civ.P 72(b)); *Garcia v. I.N.S.,* 733 F.Supp. 1554, 1555 (M.D.Pa.1990) ("when no objections are filed, the district court need only review the record for plain error").

■ In the instant case, the Magistrate Judge issued a *Report and Recommendation* on February 9, 2012, Civil No. 11–1264, Docket No. 6. The Magistrate Judge granted the parties fourteen days to object the *Report and Recommendation,* from its receipt. The record shows that, as of this date, the *Report and Recommendation* stands unopposed, except for the petitioner's motion for leave to supplement, *see Fn. 1 infra,* and Docket No. 7, filed 28 days after the due date to file the objections to the *Report and Recommendation,* Docket No. 6. We therefor review the Magistrate's *Report and Recommendation* only under "clear erroneous" or "plain error" standard.

## Factual and Procedural Background

Petitioner Torres Negrón was charged

with seven counts in the Indictment,[2] to wit: (a) Count One for participation in a conspiracy in which he was one of the leaders, and the object was to distribute controlled substances at several places within the Municipality of Ponce, such as, the Ernesto Ramos Antonini Public Housing Project, also known as "Pampanos," El Tuque Ward, Salistral Ward, an Rosaly Public Housing Project, as well as the Kennedy Public Housing Project in the Municipality of Juana Díaz, from which a significant financial gain and profit was derived; as a leader Torres Negrón "received proceeds from and was in charge of the drug trafficking organization's drug distribution points located at El Tuque Ward," all in violation of 21 U.S.C. §§ 846, 841(a)(1), 860, see Docket No. 3, pages 14–15; (b) Count Two for possession with intent to distribute heroin within the Municipalities of Ponce and/or Juana Díaz, "within one thousand (1,000) feet of the real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground," all in violation of 21 U.S.C. §§ 841(a)(1), 860; and 18 U.S.C. § 2, see Docket No. 3, page 25; (c) Count Three for possession with intent to distribute cocaine base in the Municipalities of Ponce and/or Juana Díaz, "within one thousand (1,000) feet of the real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground," all in violation of 21 U.S.C. §§ 841(a)(1), 860; and 18 U.S.C. § 2, see Docket No. 3, page 28; (d) Count Four for possession with intent to distribute cocaine in the Municipalities of Ponce and/or Juana Díaz, "within one thousand (1,000) feet of the real property comprising a public or private school and/or housing facility owned by a public housing authori-

ty and/or a playground," all in violation of 21 U.S.C. §§ 841(a)(1), 860; and 18 U.S.C. § 2, see Docket No. 3, page 32; (e) Count Five for possession with intent to distribute marijuana in the Municipalities of Ponce and/or Juana Díaz, "within one thousand (1,000) feet of the real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground," all in violation of 21 U.S.C. §§ 841(a)(1), 860; and 18 U.S.C. § 2, see Docket No. 3, page 35; (f) Count Six for "knowingly and intentionally, combine, conspire, and agree amongst with the defendants and with diverse other persons, to commit and an offense against the United States, that is, to knowingly and intentionally possess firearms during and in relation to a drug trafficking crime," all in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(o), see Docket No. 3, pages 36–37; (g) Count Seven for forfeiture due to a conviction of any or all of the controlled substances offenses charged in the Indictment, as provided by 21 U.S.C. § 853(a)(1) and (2), the United States shall forfeit "any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violation and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation, ... including rights, titles, interest in property, ... money," see Docket No. 3, pages 37–38.

On September 21, 2009, Torres Negrón moved the Court to change his non-guilty, and on October 6, 2009, petitioner pled guilty to Counts One and Six of the seven count Indictment. See Criminal No. 08–204[2](DRD), Docket entries No. 2306, 2372 and 2374. See also Amended Plea

---

**2.** The Indictment was returned on May 27, 2008, see Criminal No. 08–204 (DRD), Docket entries No. 3 and 4. All references made here-inafter to the Indictment corresponds to "Docket No. 3."

*Agreement,* Docket No. 3253. Petitioner was sentenced on February 9, 2010, *see* Docket No. 3262. "The court sentenced the petitioner to 180 months of imprisonment as to Count One and 180 months as to Count Six to be served concurrently with each other. (Criminal 08–204(DRD), Docket No. 3261). Petitioner was also sentenced to serve a ten year term of supervised release in Counts One and Six." *See Report and Recommendation,* Civil No. 11–1264(DRD), Docket No. 6, page 3. Counts Two, Three, Four, Five and Seven were dismissed, as a condition of the *Plea Agreement, see Judgment,* Criminal No. 08–204(DRD), Docket No. 3262.

■ Petitioner Torres Negrón was sentenced on February 9, 2010, and the *Judgment* was entered on February 16, 2010, *see* Criminal No. 08–204(DRD), Docket No. 3262. Hence, the *Judgment* became final and unappealable on March 2, 2010, pursuant to the provisions of Rule 4(b)(1)(A) of the Federal Rules of Criminal Procedure. Mr. Torres Negrón mailed its Petitioner's motion under § 2255 on March 9, 2011, and was filed with the Court on March 15, 2011, *see* Civil No. 11–1264(DRD), hence, 378 days after the *Judgment* became final and unappealable. Section 2255(f)(1) provides in its relevant part that "[t]he limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[3] Thus, the petition filed by Torres Negrón under Section 2255 is time barred. *See* Civil No. 11–1264, Docket No. 3–1.

Petitioner Torres Negrón claims that his sentence should be vacated due to the ineffective assistance of his counsel. *See* Civil No. 11–1264(DRD), Docket No. 1. In a nutshell, Torres Negrón claims that "his attorney failed to adequately investigate his mental competency and ability to knowingly and intelligently enter a plea." *See Report and Recommendation,* Docket No. 6, page 4. Petitioner further alleges "ineffective assistance of counsel in that a downward departure was not sought pursuant to U.S.S.G. § 5K2.13." *Id.* Mr. Torres Negrón claims that "his sentence was disproportionate and violated the Eighth Amendment, notwithstanding the plea agreement . . . Finally, petitioner argues that counsel was ineffective for failing to request consideration for adjustments related to Amendment 706 of the United States Sentencing Commission Guidelines, and for failing to preserve his rights under the Fair Sentencing Act of 2010." *Id.* The Magistrate Judge further found that the petitioner was "held accountable only for a large amount cocaine and not cocaine base, thus rendering the application of Amendment 706 inapplicable." *Id.* As to the other arguments, the Magistrate Judge found that "there is nothing in the record or in the Pre–Sentence Report to reflect an issue of mental capacity. The sentence, one which was bargained for, can hardly be viewed as excessive under the circumstances. A life sentence might have been excessive, but still within the parameters of a legal sentence." *Id.*

The Government opposed to the petition filed by Torres Negrón on the grounds

---

**3.** In *Alamo–Hornedo v. Puig, et al.,* 745 F.3d 578 (1st Cir.2014), the Court held:

A leading lexicographer defines a statute of limitations as "a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." Black's Law Dictionary 1546 (9th ed.2009).

The main reason for establishing a limitations period is to ensure the diligent presentation of known claims by promoting the "elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities." *Rotella v. Wood,* 528 U.S. 549, 555, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000).

that the petition is untimely, hence, an evidentiary hearing is not warranted. *See* Civil No. 11–1264(DRD), Docket No. 3. The Government's response failed to address the petitioner's claims related to the ineffective assistance of counsel. *See generally*, Civil No. 11–1264(DRD), Docket entries No. 3 and 6.

### Applicable Law and Discussion

The Court finds that the legal analysis made by Magistrate Judge Arenas is complete and thorough, not to mention that it stands unopposed as of the date of this writing. Hence, the Court adopts *in toto* the Magistrate Judge's analysis. The Court further agrees with the recommendation of the Magistrate Judge, specifically as to the finding that the instant petition is time barred, and incorporates herein the corresponding legal analysis included in the *Report and Recommendation,* Civil No. 11–1264, Docket No. 6, pages 6–7.

The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief. *See Pratt v. United States,* 129 F.3d 54, 58 (1st Cir.1997). The current petition was clearly filed over a year from the date petitioner's sentence became final and unappealable.

President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which instituted a time limitation period for the filing of motions to vacate or reduce criminal federal sentences. In its pertinent part, section 2255 reads:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

The terse argument of the United States, that the petition is time-barred, is correct. The petition does not describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. *See e.g. Ramos–Martinez v. United States,* 638 F.3d 315, 321–24 (1st Cir.2011). Petitioner's pleading was signed on March 9, 2011, and placed in the prison legal mail system on the same date. The petition was stamped at the Clerk's office on March 15, 2011. If one considers that the original petition was placed in the prison mail system on March 9, 2011, *see Houston v. Lack,* 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Morales Rivera v. United States,* 184 F.3d 109, 110 (1st Cir.1999), one is forced to conclude that petitioner's claim is time-barred. *See Trenkler v. United States,* 268 F.3d 16, 24–27 (1st Cir.2001).

*See Report and Recommendation,* Civil No. 11–1264, Docket No. 6, pages 6–7; *see also* Docket No. 3–1. The Magistrate Judge recommended that the petitioner's motion under 28 U.S.C. § 2255 be denied

without evidentiary hearing, and the Court fully agrees with the Magistrate Judge's recommendation.

### A Final Note

The record shows that, on March 26, 2012, the petitioner filed a *Pro Se Petitioner's Motion for Leave to Supplement His Previously Filed 28 U.S.C. § 2255 Motion*, Docket No. 7. After a careful review of petitioner's supplemental motion, the Court finds that the same is denied on the following grounds: (a) Petitioner Torres Negrón pled guilty voluntarily, *see Amended Plea Agreement*, Criminal No. 08–204[2](DRD), Docket No. 3252, ¶ 16; (b) Petitioner Torres Negrón agreed ... [to] accept this Plea Agreement ... according to its terms, conditions and recommendations, defendant [Torres Negrón] waives and surrenders his right to appeal the judgement and sentence in this case," *Id.* at ¶ 17; (c) upon the acceptance and signing of the *Amended Plea Agreement*, the defense counsel has no obligation to file an appeal; and lastly, (d) the petition was filed tardy, that is, over one year after the sentence became final and unappealable. Moreover, the petitioner has failed to show any extraordinary circumstances that may support a finding of equitable tolling.

### Certificate of Appealability

 For the reasons previously stated, the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. § 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### Conclusion

 The Court fully agrees with the analysis and the recommendations made by Magistrate Judge Arenas, hence, the Court adopts *in toto*, the *Report and Recommendation*, Civil No. 11–1264, Docket No. 6, as supplemented herein.[4] The Court further finds that there is no plain error, in the well supported analysis made by Magistrate Judge Arenas based on the record and the applicable law. For the reasons set forth above, petitioner's *Motion to Vacate, Set Aside, or Correct Criminal Sentence Pursuant to 28 U.S.C. § 2255*, Docket No. 1, is denied, as being time barred. Petitioner's motion for leave to file a supplement motion, Docket No. 7, is denied.

For the reasons set forth above, petitioner's claims are hereby dismissed with prejudice.

Judgment will be entered accordingly.

This case is closed for all administrative and statistical purposes.

IT IS SO ORDERED.

### *MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

On May 27, 2008, petitioner Javier Torres Negron and 110 other defendants were charged in a seven-count indictment which included charges for serious narcotics and

---

**4.** "The Court need not go further for it refuses to write at length to no other end than to hear its own words resonate as to the instances alleged as errors by plaintiff." Where as here, a [Magistrate] "has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *See Lawton v. State Mut. Life Assu. Co. of Am.*, 101 F.3d 218, 220 (1st Cir.1996); *Ayala v. Unión de Tronquistas de Puerto Rico, Local 901*, 74 F.3d 344, 345 (1st Cir.1996); *In Re San Juan Dupont Plaza Hotel Fire Litig.*, 989 F.2d 36, 38 (1st Cir. 1993).

weapons violations, including a forfeiture count. (Criminal 08–0204 (DRD), Docket No. 3.) Petitioner was charged in all counts.

This matter is before the court on motion filed by petitioner Javier Torres Negron on March 15, 2011 to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1.) The government filed a response in opposition to the motion on June 13, 2011. (Docket No. 3.) The matter was referred to me for report and recommendation on February 7, 2012. (Docket No. 5).

Having considered the arguments of the parties and for the reasons set forth below, I recommend that the petitioner's motion to vacate sentence be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 2009, petitioner Javier Torres Negron filed a motion for change of plea. (Criminal 08–0204 (DRD), Docket No. 2306.) On October 6, 2009, he pleaded guilty before me to counts one and six of the seven-count indictment. (Criminal 08–0204 (DRD), Docket No. 2374.) He was charged in the first count in that he did knowingly and intentionally combine, conspire, confederate and agree together and with each other and with diverse other persons, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and distribute controlled substances, to wit: in excess of fifty grams of cocaine base, a Schedule II Narcotic Drug Controlled Substance; and/or in excess of one kilogram of heroin, a Schedule I Narcotic Drug Controlled Substance; and/or in excess of five kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance, and/or in excess of 100 kilograms of marijuana, a Schedule I Controlled Substances, within 1,000 feet of the real prop-

erty comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground, as prohibited by Title 21, United States Code, Section 841(a)(1) and 860. All in violation of 21 U.S.C. § 846. (Criminal 08–0204 (DRD), Docket No. 3.) Count SIX of the indictment charges that from no later than in or about 2003 up to the date of the indictment, in the District of Puerto Rico and within the jurisdiction of this court, petitioner did knowingly did knowingly and intentionally combine, conspire, confederate and agree together and with each other and with diverse other persons, to commit an offense against the United States, that is to knowingly and intentionally possess firearms during and in relation to a drug trafficking crime as charged in Counts One through Five, as prohibited by Title 18, United States Code § 924(c)(1)(A). All in violation of 18 U.S.C. § 922(o). According to a plea agreement signed by petitioner, the remaining counts were to be dismissed at the time of sentence.

The plea agreement was signed by petitioner on the same day that petitioner entered a guilty plea pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. (Criminal 08–0204 (DRD), Docket No. 2372.)

The sentencing hearing was held on February 9, 2010. The court sentenced the petitioner to 180 months of imprisonment as to Count One and 180 months as to Count Six to be served concurrently with each other. (Criminal 08–0204 (DRD), Docket No. 3261.) Petitioner was also sentenced to serve a ten year term of supervised release in Counts One and Six, to be served concurrently.

On March 15, 2011, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1.) Petitioner claims that he

suffered due to ineffective assistance of counsel, since his attorney failed to adequately investigate his mental competency and ability to knowingly and intelligently enter a plea. He also alleges ineffective assistance of counsel in that a downward departure was not sought pursuant to U.S.S.G. § 5K2.13. Petitioner argues that his sentence was disproportionate and violated the Eighth Amendment, notwithstanding the plea agreement (which the sentencing court favorably followed). Finally, petitioner argues that counsel was ineffective for failing to request consideration for adjustments related to Amendment 706 of the United States Sentencing Commission Guidelines, and for failing to preserve his rights under the Fair Sentencing Act of 2010. The short answer to this last argument is that petitioner was held accountable for a large amount of cocaine and not cocaine base, thus rendering application of Amendment 706 inapplicable. The short answer to the other arguments is that there is nothing in the record or in the Pre–Sentence Investigation Report to reflect an issue of mental capacity. The sentence, one which was bargained for, can hardly be viewed as excessive under the circumstances. A life sentence might have been excessive, but still within the parameters of a legal sentence.

On June 13, 2011, the government filed a response in opposition to the petitioner's motion arguing basically that it should be summarily denied because it is untimely. The government does not address the merits of the petition. (Docket No. 3.) It notes that judgment was entered on February 16, 2010 and that no appeal was filed. (Criminal 08–0204 (DRD), Docket No. 3262.) Therefore the conviction became final on March 2, 2010.

## II. ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States,* 134 F.3d 470, 474 (1st Cir.1998). The burden is on the petitioner to show his or her entitlement to relief under section 2255, *David v. United States,* 134 F.3d at 474, including his or her entitlement to an evidentiary hearing. *Cody v. United States,* 249 F.3d 47, 54 (1st Cir.2001) (quoting *United States v. McGill,* 11 F.3d 223, 225 (1st Cir.1993)). It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." *United States v. McGill,* 11 F.3d at 226 (quoting *Moran v. Hogan,* 494 F.2d 1220, 1222 (1st Cir.1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *United States v. McGill,* 11 F.3d at 226 (quoting *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir. 1984)).

The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief. *See Pratt v. United States,* 129 F.3d 54, 58 (1st Cir.1997). The current petition was filed

over a year from the date petitioner's sentence became final and unappealable.

President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which instituted a time limitation period for the filing of motions to vacate or reduce criminal federal sentences. In its pertinent part, section 2255 reads:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

The terse argument of the United States, that the petition is time-barred, is correct. The petition does not describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. *See e.g. Ramos–Martinez v. United States,* 638 F.3d 315, 321–24 (1st Cir.2011). Petitioner's pleading was signed on March 9, 2011, and placed in the prison legal mail system on the same date. The petition was stamped at the Clerk's office on March 15, 2011. If one considers that the original petition was placed in the prison mail system on March 9, 2011, *see Houston v. Lack,* 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Morales Rivera v. United States,* 184 F.3d 109, 110 (1st Cir. 1999), one is forced to conclude that petitioner's claim is time-barred. *See Trenkler v. United States,* 268 F.3d 16, 24–27 (1st Cir.2001).

## III. CONCLUSION

I find that petitioner Javier Torres Negron's motion under 2255 is time-barred. In view of the above, I recommend that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

At San Juan, Puerto Rico, this 9th day of February, 2012.