# United States Court of Appeals
## For the First Circuit

No. 16-2462

JAMES REMINGTON,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Thompson, Kayatta, and Barron,
<u>Circuit Judges</u>.

Michael Tumposky, with whom Hedges & Tumposky, LLP was on brief, for appellant.
Mark T. Quinlivan, Assistant United States Attorney, with whom William D. Weinreb, Acting United States Attorney, was on brief, for appellee.

September 27, 2017

**BARRON**, **Circuit Judge**.    This appeal concerns a collateral challenge that James Remington brings under 28 U.S.C. § 2255 regarding his underlying criminal case, in which he received consecutive prison sentences for his two federal convictions. Remington brings this § 2255 motion[1] notwithstanding that he had pleaded guilty to the underlying crimes pursuant to a plea agreement in which he waived his right to bring certain collateral challenges to either his convictions or his sentences for them.

Without reference to that waiver, the District Court denied the motion, and Remington argues to us that the District Court erred in doing so.    We conclude that the waiver in the plea agreement, coupled with Remington's failure to argue in his briefs that it is self-evidently inapplicable, bars Remington from filing the motion.    Accordingly, we vacate the judgment denying the motion on the ground that the motion must be dismissed.

**I.**

In 1998, pursuant to a plea agreement, James Remington pleaded guilty in the District of Massachusetts to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and to one count of using a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c)(1).    The bank robbery conviction was the predicate

---

[1] The District Court characterized Remington's filing as a "petition," but we refer to it as a "motion" -- as Remington did in the filing itself -- just as § 2255 itself does.

conviction for a "crime of violence" underlying the § 924(c) conviction.

Under the plea agreement, the parties agreed to recommend that Remington be considered a career offender within the meaning of the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1(C) for purposes of sentencing him for the bank robbery conviction. Under the sentencing guidelines, an adult defendant with two prior felony convictions for a "crime of violence" qualifies as a career offender upon a third such conviction. U.S.S.G. § 4B1.1. And, in consequence of that designation, a defendant is subject to an enhanced sentencing range. See id.

The plea agreement then stated that under the sentencing guidelines Remington's base offense level was 32. But the plea agreement explained that the parties agreed, subject to certain conditions, to recommend a three-level downward adjustment for Remington's acceptance of responsibility for the bank robbery. See id. § 3E1.1.

Ultimately, based on these determinations under the sentencing guidelines, the plea agreement recommended a prison sentence for the bank robbery conviction of 151 months of imprisonment. The plea agreement also recommended as the sentence for the § 924(c) conviction a consecutive term of imprisonment of 60 months, which is the mandatory minimum sentence for that

offense.  See § 924(c)(1)(A)(i).  In addition, the plea agreement contained a provision in which Remington waived certain of his rights to appeal from or to challenge collaterally his convictions and sentences.

At sentencing, the District Court adopted the parties' recommendation, consistent with the plea agreement, that Remington be considered a career offender under the sentencing guidelines. In determining that Remington was a career offender, the District Court relied on a presentence investigation report finding that Remington had two predicate Massachusetts felony convictions for a crime of violence: a 1989 conviction for armed robbery and a 1990 conviction for assault and battery with a deadly weapon.  The District Court denied, however, the recommended downward adjustment for acceptance of responsibility conditionally set forth in the plea agreement because, the District Court explained, Remington had briefly escaped from custody in the intervening period since he had entered into the plea agreement.

Having made these decisions, the District Court determined that Remington's guidelines sentencing range for the bank robbery conviction was 210 to 262 months based on having assigned him a total offense level of 32 and a criminal history category of VI.  This range was mandatory because Remington was sentenced before the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), which held that the sentencing guidelines are

advisory rather than mandatory.  Id. at 245-46.  The District Court then sentenced Remington to 240 months of imprisonment for his bank robbery conviction, which is the statutory maximum under § 2113(a), and to a mandatory consecutive term of 60 months of imprisonment for his conviction for violating § 924(c).

More than seventeen years into serving his sentence, Remington filed this collateral challenge pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Massachusetts.  Remington's motion under § 2255 seeks to vacate his conviction under § 924(c) for use of a firearm during the commission of a crime of violence and to vacate his sentence for his conviction for bank robbery in violation of § 2113(a).

The motion relies for both challenges on Johnson v. United States, 125 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016).  In Johnson, the Supreme Court held that what is known as the residual clause in the Armed Career Criminal Act's ("ACCA") definition of a "violent felony" is unconstitutionally vague and thus that the federal Constitution's guarantee of due process prohibits a defendant's sentence from being enhanced under the ACCA on the basis of a determination that a prior offense qualifies as a "violent felony" under the ACCA's residual clause.  125 S. Ct. at 2556-63.[2]  Welch then held that

_____

[2] The ACCA's residual clause provides that a "violent felony" includes any felony that "involves conduct that presents a serious

- 5 -

_Johnson_'s vagueness holding applies retroactively. 136 S. Ct. at 1268.

Remington contends that, in light of _Johnson_ and _Welch_, he is entitled both to resentencing for his bank robbery conviction under § 2113(a) and to have his § 924(c) conviction (and thus the accompanying sentence for it) overturned. First, he argues that, in light of _Johnson_, the residual clause that is part of the career-offender sentencing guideline's definition of a "crime of violence" is unconstitutionally vague, given that the guideline was mandatory rather than advisory at the time of his sentencing, because the wording of the guideline's residual clause is identical to the wording of the residual clause in the ACCA that _Johnson_ struck down as unconstitutionally vague. Remington then proceeds to argue that his prior Massachusetts convictions for armed robbery and assault and battery with a deadly weapon do not otherwise fall within the career-offender guideline's definition of a "crime of violence."[3] Thus, in his view, he must be resentenced, as he does not have the number of predicate convictions for a "crime of

_____

potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

[3] At the time of Remington's sentencing, the sentencing guidelines defined a "crime of violence" to include, under the definition's residual clause, any felony that "involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (Nov. 1, 1998).

violence" that are required in order for the career-offender guideline to which he was subject at sentencing to apply.

Second, Remington argues that, in light of Johnson, the residual clause in § 924(c)'s definition of a "crime of violence" is unconstitutionally vague, given that this provision's residual clause is worded so similarly to the residual clause in the ACCA that Johnson invalidated. Remington then goes on to contend that his federal bank robbery conviction cannot serve as the predicate "crime of violence" under § 924(c) because that conviction is not for an offense that otherwise falls within § 924(c)'s definition of a "crime of violence."[4] And, thus, he argues, that conviction -- and its accompanying sentence -- cannot stand.

In response to Remington's § 2255 motion, the government moved to stay the proceedings pending the Supreme Court's decision in Beckles v. United States, 136 S. Ct. 2510 (2016). At the time, the Supreme Court had granted a writ of certiorari in Beckles to review whether Johnson's constitutional vagueness holding applies to the residual clause in the career-offender sentencing guideline's definition of a "crime of violence." See Beckles v. United States, 137 S. Ct. 886, 891-92 (2017).

---

[4] The residual clause in § 924(c)'s definition of a "crime of violence" refers to any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

Without responding to the government's motion or requesting an answer from the government to Remington's § 2255 motion, however, the District Court denied Remington's motion. In doing so, the District Court ruled that, regardless of whether Johnson's holding applies to the residual clause in the definition of a "crime of violence" in the sentencing guidelines, each of Remington's prior convictions qualifies as one for an offense that is a "crime of violence" under what is known as the force clause in the definition of a "crime of violence" in the career-offender guideline.[5]

Following this ruling, Remington sought a certificate of appealability, which the District Court issued. This timely appeal followed. We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a).

## II.

As a threshold matter, the government contends that in the plea agreement, Remington waived his right to bring this collateral challenge. We thus begin our analysis by considering that potentially show-stopping contention.

The plea agreement provides that Remington waives his rights to challenge either on appeal or collaterally his

_____

[5] The force clause refers to any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The District Court did not separately reference the residual clause in § 924(c)'s definition of a "crime of violence" in addressing Remington's conviction under § 924(c).

convictions or guilty plea, the District Court's adoption of the parties' position that he is a career offender, or any sentence imposed by the District Court that did not exceed the one recommended by the parties. However, the waiver provision includes a carve-out that preserves Remington's right to bring "appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after [December 29, 1998] which are held by the First Circuit or Supreme Court to have retroactive effect." Thus, it is possible that the waiver does not encompass the actual collateral challenge that Remington brings and thus that he has not waived his right to bring the motion that was denied below. And, if that is the case, then, contrary to the government's contention, we would be required to address the merits of Remington's Johnson-based challenges set forth in his motion.

The problem for Remington, though, begins with the fact that his opening brief nowhere mentions the plea agreement's waiver provision, let alone the exception that it sets forth. Moreover, Remington fails to address the potential bar to his right to file this motion set forth in the waiver provision even though we have held that

> [a] defendant who waives his right to appeal
> and thereafter attempts to avoid the effect of
> the waiver must confront the waiver head-on.
> Where . . . the defendant simply ignores the
> waiver and seeks to argue the appeal as if no
> waiver ever had been executed, he forfeits any

- 9 -

> right to contend either that the waiver should
> not be enforced or that it does not apply.

United States v. Miliano, 480 F.3d 605, 608 (1st Cir. 2007); see also United States v. Bey, 825 F.3d 75, 82-83 (1st Cir. 2016). Because we see no reason why the same rule that we announced in Miliano should not apply to a motion for relief under § 2255, we agree with the government that Remington gave up the opportunity to argue that the waiver provision does not foreclose this collateral challenge.

Remington does address the waiver issue in his reply. But he does so solely on the ground that, even though the government had "ample opportunity" in the District Court to raise the waiver that it now asks us to enforce, the government chose to respond to the motion below only by asking for the District Court to issue a stay pending Beckles.

This argument would fail to persuade, however, even if Remington could get past the fact that he makes this argument for the first time only in his reply brief. See Álamo-Hornedo v. Puig, 745 F.3d 578, 582 (1st Cir. 2014). Under Rule 5(a) of the Rules Governing Section 2255 Cases, "[t]he respondent is not required to answer the petition unless a judge so orders." Thus, the government did not lose its right to object to Remington's § 2255 motion for the simple reason that the District Court never ordered the government to answer Remington's motion. Nor are the § 2255

cases on which Remington relies to the contrary. In each of those cases, see Sotirion v. United States, 617 F.3d 27, 32 (1st Cir. 2010); Barreto-Barreto v. United States, 551 F.3d 95, 98 (1st Cir. 2008), the district court had ordered the government to answer the defendant's § 2255 motion. See Sotirion v. United States, No. 3:08-cv-30019-MAP (D. Mass. Jan. 17, 2008); Barreto-Barreto v. United States, No. 3:06-cv-01836-PG (D.P.R. Sept. 7, 2006).

To be sure, at oral argument Remington did claim, for the first time, that it is apparent on the face of the plea agreement's waiver provision that his § 2255 motion falls within the carve-out that the provision sets forth. Specifically, Remington contended at oral argument that the plain terms of the waiver's carve-out allow this collateral challenge because his § 2255 motion is predicated on Johnson, in which the Supreme Court recognized a "new legal principle[]" that the Court later held in Welch to have "retroactive effect." He thus argued that he should be excused from the usual rule that defendants must address such waivers "head-on" in their opening appellate briefs because, in his view, the waiver provision in his plea agreement so plainly fails to encompass this collateral challenge.

But, the government disputes that the waiver provision is so generous as to encompass the type of collateral challenge that it contends Remington is bringing. And, in light of Remington's failure to press the proper construction of the waiver

provision's carve-out in his opening brief -- or, for that matter, even in his reply brief -- we decline his invitation to now wade into this dispute over how best to construe the waiver's scope in relation to the collateral challenge that he seeks to make. See United States v. Pizarro-Berríos, 448 F.3d 1, 5-6 (1st Cir. 2006) ("We have consistently held that, except in extraordinary circumstances, arguments not raised in a party's initial brief and instead raised for the first time at oral argument are considered waived.").

We are aware, of course, that we do have limited discretion to disregard a waiver such as this one if doing so would be "necessary to avoid a clear and gross injustice." Miliano, 480 F.3d at 608. But, we have described the possibility of "clear and gross injustice" in these circumstances as "hen's-teeth rare," id., and Remington has not suggested to us that this is one of those rare cases. Thus, we see no basis for concluding that we must disregard the waiver provision in order "to avoid a clear and gross injustice."

## III.

For the foregoing reasons, the order denying the motion is **vacated**, and the case is remanded for further proceedings consistent with this opinion.