FILED
United States Court of Appeals
Tenth Circuit

January 15, 2019

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARVIN LOPEZ-AGUILAR,

    Defendant - Appellant.

No. 17-2121

_____

**Appeal from the United States District Court
for the District of New Mexico
(D.C. Nos. 1:16-CV-00668-WJ-CG and 1:09-CR-02962-WJ-1)**
_____

Submitted on the briefs[*]:

James D. Tierney, Acting United States Attorney, and C. Paige Messec, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

Benjamin A. Gonzales, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.
_____

Before **BACHARACH**, **BALDOCK**, and **EBEL**, Circuit Judges.
_____

[*]    Oral argument would not materially aid our consideration of the appeal, so we have decided the appeal based on the briefs. _See_ Order (Nov. 2, 2018).

**BACHARACH**, Circuit Judge.

_____

This appeal grew out of a plea agreement in which the defendant waived his right to collaterally challenge his conviction. Despite the waiver, the defendant collaterally challenged the conviction under 28 U.S.C. § 2255. The district court dismissed the challenge without ruling on the waiver, holding instead that the defendant's underlying claim failed on the merits. On appeal, the government defends this ruling, adding that we should also affirm based on the defendant's waiver of a collateral challenge.

The defendant doesn't question the enforceability or applicability of the waiver. Instead, he contends that the government forfeited the waiver by failing to invoke it in district court. We reject this contention because the government never had an opportunity to assert the waiver in district court. As a result, we affirm based on the waiver.[1]

**1.     The defendant waived his right to collaterally challenge the conviction.**

The defendant pleaded guilty based on an agreement with the government. The agreement included a waiver of the right to collaterally challenge the conviction:

_____

[1]     Given the applicability of the waiver, we need not address the merits of the defendant's claim.

The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any order of restitution, within the statutory maximum authorized by law and imposed in conformity with this plea agreement. *In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255*, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

R., vol. II at 33 (emphasis added).

Despite this waiver, the defendant collaterally challenged the conviction by filing a motion under § 2255. The district court summarily dismissed the motion on the merits without directing the government to respond. The defendant appeals, and the government argues that we should enforce the waiver of a collateral challenge.

To enforce a waiver of a collateral challenge, we consider three elements: "(1) whether the issue appealed or challenged falls within the scope of the text of the waiver; (2) whether the waiver was knowingly and voluntarily entered into; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (citing *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)). The government asserts that each element is met, and the defendant does not argue to the contrary. Given the absence of a challenge to the presence of the three elements, we conclude that the defendant waived his right to collaterally challenge the conviction.

3

**2. The government timely invoked the waiver.**

Though the defendant does not challenge the enforceability or applicability of the waiver, he argues that

- the government forfeits invocation of the waiver by failing to assert it in the first instance and

- the government should have invoked the waiver in district court.

The defendant thus contends that the government forfeited its opportunity to invoke the waiver. We disagree.

We have recognized that

- waivers benefit the government by "saving the costs" of prosecuting further litigation and

- such litigation should be efficiently and summarily dismissed for "the government [to] receive the benefit of its bargain."

*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). But we have also recognized that the government can forfeit waivers by failing to enforce them. *See United States v. Calderon*, 428 F.3d 928, 930–31 (10th Cir. 2005) (declining to enforce an appellate waiver after the government declined the court's invitation to respond); *see also United States v. Parker*, 720 F.3d 781, 786 (10th Cir. 2013) (recognizing the government's obligation to invoke waivers). We can assume, for the sake of argument, that the government forfeits invocation of the waiver by failing to assert it in district court when given an opportunity to do so. But the government

4

never had an opportunity to assert the waiver when the case was in district court.

In the § 2255 proceedings, the district court had two options: It could summarily dismiss the defendant's motion or order a response. *See* Rule 4(b), Rules Governing Section 2255 Proceedings in the U.S. District Courts. Until the court ordered a response, the government didn't need to file one. *See* Rule 5(a), Rules Governing Section 2255 Proceedings in the U.S. District Courts ("The respondent is not required to answer the [§ 2255] motion unless a judge so orders."). Thus, if the district court did not order the government to respond to the § 2255 motion, the government could raise the waiver for the first time in the appeal. *See Remington v. United States*, 872 F.3d 72, 77 (1st Cir. 2017) ("Under Rule 5(a) . . . the government did not lose its right to object to Remington's § 2255 motion for the simple reason that the District Court never ordered the government to answer Remington's motion."); *cf. Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 817 (10th Cir. 1981) (holding that when a complaint is dismissed sua sponte before the government responds, the government doesn't waive the right to later assert affirmative defenses).

Here the district court summarily dismissed the motion rather than order a response. Given the summary dismissal, the government had no opportunity to invoke the waiver in district court. So the government can invoke the waiver here.

5

\* \* \*

The government timely asserted the waiver, and the defendant does not question its enforceability or applicability. We therefore affirm the district court's summary dismissal of the defendant's § 2255 motion.