# United States Court of Appeals
## For the First Circuit

No. 22-1749

DAVID NÚÑEZ-PÉREZ,

Petitioner, Appellee,

v.

ANA I. ESCOBAR-PABÓN, Secretary of the Puerto Rico Department of Corrections and Rehabilitation; HÉCTOR HERNÁNDEZ-MORALES, Warden; COMMONWEALTH OF PUERTO RICO,

Respondents, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. William G. Young,* U.S. District Judge]

Before

Barron, Chief Judge,
Montecalvo and Aframe, Circuit Judges.

Mariola Abreu-Acevedo, Assistant Solicitor General, with whom Fernando Figueroa-Santiago, Solicitor General of Puerto Rico, and Omar Andino-Figueroa, Deputy Solicitor General of Puerto Rico, were on brief, for appellants.
Samuel P. Carrion, with whom Kevin E. Lerman, Research & Writing Attorney, Franco L. Pérez-Redondo, Assistant Federal Public Defender, and Rachel Brill, Federal Public Defender, were on brief, for appellee.

* Of the District of Massachusetts, sitting by designation.

March 21, 2025

**BARRON, <u>Chief Judge</u>**.  This appeal concerns a challenge to a ruling by the United States District Court for the District of Puerto Rico that granted a writ of habeas corpus under 18 U.S.C. § 2254 to David Núñez Pérez.[1]  Núñez's petition sought habeas relief from his 2006 Puerto Rico law convictions for carjacking and manslaughter.  The petition did so on the ground that, under <u>Puerto Rico</u> v. <u>Sánchez Valle</u>, 579 U.S. 59 (2016), his prosecution for those offenses and the resulting convictions violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.  <u>See</u> U.S. Const. amend. V.  The respondents contend that we must reverse the ruling below because Núñez's petition was not timely filed.  We affirm the ruling.  We do so, however, for different reasons than those on which the District Court relied, as we conclude that the respondents waived below the only ground for deeming the petition untimely that they now assert on appeal.

**I.**

On July 24, 2001, Núñez was indicted in the District of Puerto Rico on one federal carjacking count, <u>see</u> 18 U.S.C. § 2119(3), and two related federal firearms counts, <u>see</u> <u>id.</u> § 924(c)(1)(A)(ii); <u>id.</u> § 922(g)(1); <u>id.</u> § 924(a)(2).  Many months later, in February 2002, Núñez was also indicted in superior court

---

[1] We refer to the appellee as "Núñez" consistent with how he refers to himself in his briefing to us.  <u>See</u> <u>United States</u> v. <u>Rosa-Borges</u>, 101 F.4th 66, 68 n.1 (1st Cir. 2024).

in Puerto Rico under Puerto Rico law on charges arising from the same alleged incident that gave rise to the charges in his federal indictment. This new indictment charged Núñez under Puerto Rico law with carjacking, first degree murder, and two weapons possession counts.

On May 2, 2002, Núñez pleaded guilty to the federal carjacking charge and, soon thereafter, he was sentenced to ten years' imprisonment for the resulting conviction. The federal firearms charges were dismissed. Then, on November 14, 2003, a jury in the superior court in Puerto Rico found Núñez guilty of the Puerto Rico law carjacking and weapons charges, as well as the lesser included Puerto Rico law charge of manslaughter. Núñez received a 69-year prison sentence for his convictions for those offenses, which was to be served consecutively to his ten-year prison sentence for his related federal conviction.

Núñez appealed his Puerto Rico law convictions on various grounds. He also challenged the constitutionality of his sentence on the ground that he was already serving a federal sentence for the same conduct. Treating this challenge as a claim under the Double Jeopardy Clause, the Puerto Rico Court of Appeals rejected Núñez's claim. It held that because Puerto Rico and the federal government are separate sovereigns, "conduct that constitutes a crime in both jurisdictions may be punished independently by both entities[] without violating the

constitutional clause against double jeopardy or constituting multiple punishments for the same conduct." Núñez then filed a petition for certiorari to the Supreme Court of Puerto Rico on February 2, 2007, which was denied.

Nearly a decade later, on June 9, 2016, the Supreme Court of the United States decided Puerto Rico v. Sánchez Valle, 579 U.S. 59. In that case, the Court held that the United States and Puerto Rico are not separate sovereigns for the purpose of the Double Jeopardy Clause, and thus that neither may "successively prosecute a single defendant for the same criminal conduct." Id. at 62.

One year and eleven days after the decision in Sánchez Valle issued, Núñez filed a Rule 192.1 motion in Puerto Rico court.[2] The motion asserted that the rule announced in Sánchez Valle barred Núñez's Puerto Rico law carjacking and manslaughter convictions.

The motion was denied on September 12, 2018. Núñez's petitions for certiorari to the Puerto Rico Court of Appeals and the Supreme Court of Puerto Rico were likewise denied on, respectively, December 18, 2018, and February 15, 2019. The

---

[2] Rule 192.1 sets forth the procedures for seeking post-conviction collateral relief in Puerto Rico court. See P.R. Laws Ann. tit. 34A, App. II, § 192.1.

- 5 -

Supreme Court of Puerto Rico also denied Núñez's two motions for reconsideration.[3]

On May 21, 2019, Núñez, acting pro se, filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Puerto Rico.[4] His petition contended that the rule announced in Sánchez Valle was retroactively applicable to his Puerto Rico law carjacking and manslaughter convictions and that he was therefore entitled to relief from them under the Double Jeopardy Clause. Counsel later appeared on his behalf and, on October 23, 2020, filed a supplemental motion in support of his petition.

On February 23, 2021, Núñez asked the District Court to order the respondents to answer his petition, which the District Court did. The respondents then filed a motion to dismiss the petition on March 29, 2021.

In the motion to dismiss, the respondents argued that the petition was time-barred under the Antiterrorism and Effective Death Penalty Act (AEDPA). That measure provides that state prisoners' federal habeas petitions under § 2254 are untimely if

---

[3] The record does not reflect the dates of the two denials of Núñez's motions for reconsideration, but the District Court accepted the respondents' representation that the second motion was denied no later than May 17, 2019.

[4] Although Núñez's petition was not docketed until June 7, 2019, a pro se prisoner's § 2254 petition is consider filed on the date on which it is placed in the mail. Morales-Rivera v. United States, 184 F.3d 109, 109 (1st Cir. 1999) (per curiam).

filed outside a one-year statute of limitations. 28 U.S.C. § 2244(d)(1).

In general, the limitations period imposed by § 2244(d)(1) runs from "the date on which the [state court] judgment became final." Id. § 2244(d)(1)(A). However, when a petition seeks relief based on a federal constitutional right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the limitations period runs from "the date on which [that right] was . . . initially recognized by the Supreme Court." Id. § 2244(d)(1)(C). Section 2244(d) also provides for separate dates from which the limitations period runs if there existed an "impediment to filing [the petition] created by [unlawful] State action" or the petition's claim depends on a "factual predicate" that could not previously have been "discovered through the exercise of due diligence." Id. § 2244(d)(1)(B), (D).

The respondents contended that § 2244(d)(1)(A) set forth the relevant limitations period for Núñez's petition. They emphasized that because "the Supreme Court did not expressly declare [that] its ruling in Sánchez Valle would apply retroactively," that case "did not trigger the renewal of the statute of limitations" under § 2244(d)(1)(C) (quoting Santana-Ríos v. United States, 235 F. Supp. 3d 386, 387-88 (D.P.R. 2017)). Respondents further contended that the alternative

limitations periods supplied by § 2244(d)(1)(B) and (D) did not apply because Núñez did not argue either that there had been a relevant impediment to his filing or that his claim was based on factual predicates that could not previously have been discovered through the exercise of due diligence.

Based on § 2244(d)(1)(A), the respondents argued that, to have been timely filed, Núñez's petition would have to have been filed no later than one year from the date on which his convictions became final. As a result, they contended that the petition would have to have been filed within one year after February 2, 2007, as that was when the Supreme Court of Puerto Rico denied Núñez's petition for a writ of certiorari in his direct appeal. Accordingly, the respondents contended that the applicable limitations period for Núñez's petition expired on February 2, 2008. Because Núñez filed the petition more than a decade later, in 2019, they contended based on § 2244(d)(1)(A) that his petition was untimely.[5]

_____

[5] The respondents also asserted that Núñez's petition should be dismissed for failure to state a claim because "Sánchez Valle did nothing to undercut or eliminate the privity requirement" for double jeopardy claims, and that Núñez "failed to develop any argument suggesting that this privity requirement was met" in his case. In a later filing, the respondents also argued that because the ruling in Sánchez Valle established a procedural rather than a substantive rule, it is not retroactively applicable on collateral review and cannot entitle Núñez to relief. The District Court, in granting the petition, rejected both these contentions. However, the respondents have not appealed either conclusion. Therefore, we need not address these issues on appeal.

- 8 -

On June 3, 2021, the District Court issued an order that directed the parties to submit supplemental briefing addressing the statute of limitations issue. In particular, the District Court directed the parties to address whether the Supreme Court's holding in Sánchez Valle "established a right that was (1) 'newly recognized by the Supreme Court,' and (2) 'made retroactively applicable to cases on collateral review' for purposes of [the] statute of limitations analysis under 28 U.S.C. § 2244(d)(1)(C)."

The parties made responsive filings. Núñez asserted that Sánchez Valle had indeed established a new right that was retroactively applicable on collateral review. The respondents, for their part, "reiterate[d] that [Núñez's] habeas [petition] is time-barred because it was filed multiple years after the statute of limitations allotted by 28 U.S.C. § 2244(d)(1)(A) expired." They further contended that, under existing precedent, Sánchez Valle did not establish a new rule retroactively applicable on collateral review. The respondents also reiterated that neither the alternative limitations period set forth by 28 U.S.C. § 2244(d)(1)(B) or the one set forth by § 2244(d)(1)(D) applied. Thus, the respondents again contended that Núñez had "one [] year from the time his conviction became final on February 2, 2007, that is until February 2, 2008, to file a [§ 2254 petition], pursuant to 28 U.S.C. § 2244(d)(1)(A)." Accordingly, they once again argued that his petition was untimely because, under the

- 9 -

limitations period set by § 2244(d)(1)(A), it was filed more than a decade too late.

On November 4, 2021, the District Court held a hearing on the respondents' motion to dismiss. Both sides made arguments at the hearing regarding the retroactivity of the Sánchez Valle rule. For the first time, the respondents asserted that Núñez's petition was "[n]ot only . . . time-barred . . . taking [as] a start date, the date that the petitioner's conviction and sentence became final, but . . . also tak[ing] the date that the petitioner filed [his] Rule 192.1 motion" and "calculat[ing] from the date that the [Sánchez Valle] decision was published." The respondents did not elaborate further, however, about why the petition would be untimely under that limitations period.

Following the hearing, the District Court ordered the respondents to answer the petition. In the order, the District Court directed the respondents -- "as to their obligations" -- to Rule 5 of the Rules Governing 2254 Cases in the United States District Courts. Rule 5 provides, among other things, that the answer to a § 2254 petition "must state whether any claim in the petition is barred by . . . a statute of limitations." Habeas Rule 5(b).

The respondents filed their answer on February 4, 2022. In doing so, they responded to the contentions that Núñez had made in his petition. In his petition, Núñez had stated that he filed

- 10 -

a Rule 192.1 motion "[w]hen the Supreme Court . . . published [Sánchez Valle]." The respondents addressed that portion of Núñez's petition in their answer by alleging that Núñez's Rule 192.1 motion was filed "on June 20[], 2017, 373 days after the Supreme Court . . . decided [Sánchez Valle]."[6] Respondents made no further mention in their answer of the date on which the Rule 192.1 motion was filed. So, in the separate portion of the answer addressing affirmative defenses, the respondents did not assert as an affirmative defense that Núñez's petition would be untimely if § 2244(d)(1)(C) supplied the relevant limitations period. Rather, the respondents expressly reprised the argument they had made in their motion to dismiss and in subsequent briefing to the District Court. In other words, they argued that Núñez's § 2254 petition was time-barred under 28 U.S.C. § 2244(d)(1)(A) because, under that provision, the one-year statute of limitations began to run on February 2, 2007, and the petition was filed over a decade later.

In making that argument, the respondents did recognize that "[i]n the alternative," § 2244(d)(1)(C) allows the statute of limitations to run from the date on which a constitutional right is newly recognized by the Supreme Court and made retroactively

---

[6] Because Sánchez Valle was decided on June 9, 2016, Núñez's petition was in fact filed 376 -- not 373 -- days after its issuance, as the District Court subsequently recognized. Nothing turns, however, on the difference between these two numbers.

- 11 -

applicable on collateral review. But they asserted in their answer only that, because Sánchez Valle is not such a rule, the limitations period set forth in § 2244(d)(1)(C) has no application to the petition. They did not assert at any point in their answer that the petition would be untimely even if that limitations period applied.

Following the respondents' filing of their answer asserting only the petition's untimeliness under § 2244(d)(1)(A), the District Court, in a March 31, 2022 order, raised on its own a different possibility. This possibility was that Núñez's petition was separately untimely under § 2244(d)(1)(C), insofar as it set the applicable limitations period, because his Rule 192.1 motion -- which preceded the filing of his § 2254 petition -- was filed eleven days after the one-year statute of limitations set by § 2244(d)(1)(C) had expired.[7] The District Court noted in raising this possibility that neither side in their prior filings had "addressed th[is] threshold issue of whether the [§ 2244(d)(1)(C)

---

[7] Although the one-year statute of limitations governs the filing of a federal habeas petition, the limitations period is tolled while a state petition for post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d)(2). This includes a Puerto Rico Rule 192.1 motion. See Díaz-Castro v. Matta, 568 F. Supp. 3d 144, 150 (D.P.R. 2021). However, because the filing of a state court petition "does not reset the clock on the limitations period," in order to toll the statute of limitations, a state court petition must itself be filed within the limitations period imposed by § 2244(d)(1). Trapp v. Spencer, 479 F.3d 53, 58 (1st Cir. 2007).

limitations] period had expired before the Rule 192.1 motion was even filed."

The District Court ordered the parties to file a joint memorandum addressing whether the petition was untimely even under the limitations period set forth by § 2244(d)(1)(C). The District Court further inquired as to whether, presuming that any part of § 2244(d)(1) bars the petition, the respondents would nonetheless waive the statute of limitations as a defense.

In the joint memorandum, Núñez acknowledged that his Rule 192.1 motion was filed eleven days after the statute of limitations would otherwise have expired under § 2244(d)(1)(C). Citing Holland v. Florida, 560 U.S. 631, 645 (2010), however, he contended that he was entitled to equitable tolling of the limitations period. He argued in that respect that he had been "actively pursuing his constitutional rights of double jeopardy" and that the statute of limitations "does not set forth an inflexible rule requiring dismissal whenever the one-year clock has run."

The respondents asserted that because the limitations period established by § 2244(d)(1)(C) expired before Núñez's Rule 192.1 motion was filed and he had not alleged that equitable tolling applied, his petition was untimely and should be dismissed. The respondents further indicated that they would not waive the statute of limitations under any of § 2244(d)(1)'s provisions.

On August 1, 2022, the District Court denied the respondents' motion to dismiss and granted the petition. The District Court determined that § 2244(d)(1)(C) set forth the relevant date from which the statute of limitations ran, because Sánchez Valle was a new rule of constitutional law that applied retroactively. The District Court then further determined that, under Holland, Núñez was entitled to equitable tolling. It thus ruled that Núñez's petition was timely under § 2244(d)(1)(C), notwithstanding that his state-court motion was filed eleven days after one year had passed from the issuance of the Supreme Court's decision in Sánchez Valle.

The District Court reasoned that, on the limited record before it, Núñez had met both the diligence and extraordinary-circumstances prongs of the equitable tolling standard. The District Court also emphasized that equity requires a "'case-by-case' approach," and that "[v]iewing the case as a whole," and "in light of the stakes at issue," which "in practical terms [amounted to] a life sentence," enforcing the statute of limitations in the face of an eleven-day delay would be "so disproportionate that equity would seem to mandate tolling."

As to the merits of the petition, the District Court concluded that Sánchez Valle announced a substantive rule that is retroactively applicable; that the Puerto Rico courts had "failed to apply the Supreme Court's federal retroactivity analysis" in

- 14 -

rejecting Núñez's Rule 192.1 motion on that basis; and that their decisions were therefore "contrary to, or involved an unreasonable application of, clearly established [f]ederal law" (quoting 28 U.S.C. § 2254(d)(1)).  Because the respondents had admitted that Núñez's Puerto Rico carjacking and manslaughter convictions were identical to his federal carjacking conviction, the District Court held that the two later-in-time Puerto Rico prosecutions were barred by the Double Jeopardy Clause.  Thus, the District Court concluded, Núñez was entitled to his requested habeas relief.[8]

In August 2022, the respondents sought reconsideration, which the District Court denied.  On September 27, 2022, the respondents filed a Notice of Appeal.  On appeal, the respondents challenge only the District Court's conclusion, on equitable tolling grounds, that the petition was timely despite being filed after the expiration of the one-year statute of limitations set forth by 28 U.S.C. § 2244(d)(1)(C).

---

[8] Although the District Court initially stayed execution of the writ, in June 2023, Núñez filed an emergency motion for release, in which he explained that by that point he had overserved the lawful portion of his Puerto Rico sentences by several months, and that he had serious medical needs that were not being treated. The respondents opposed. At a July 10, 2023 hearing, the District Court ordered Núñez's release, explaining that at the time of the August 2022 order, the court had been under the misimpression that Núñez had several years left to serve on his still-lawful Puerto Rico weapons convictions.  Núñez has been out of prison since.

- 15 -

## II.

Although Núñez defends the District Court's equitable tolling decision, he also argues that, regardless of the merits of that analysis, we should not reverse the District Court on the basis that his petition was untimely under § 2244(d)(1)(C). That is so, Núñez contends, because the respondents waived (rather than merely forfeited) any argument that his petition was untimely under that provision "by not presenting or developing [that defense] below."[9] To support that contention, Núñez argues that, in the District Court, the respondents "demonstrated sustained disinterest in asserting an 11-day-based affirmative defense" under § 2244(d)(1)(C), opting instead to advance, as their sole statute of limitations defense, "an all-or-nothing[] 11-year § 2244(d)(1)(A)-dependent claim." Núñez points to, among other things, the respondents' failure to assert a timeliness defense under § 2244(d)(1)(C) in either their motion to dismiss or their answer. He also points to the fact that § 2244(d)(1)(A) was the "sole affirmative defense" regarding timeliness that they

---

[9] Because the District Court, after concluding that Núñez's petition was filed outside the limitations period set by § 2244(d)(1)(C), went on to hold that the petition was nonetheless timely based on principles of equitable tolling, it is unsurprising that on appeal Núñez defends the merits of that equitable tolling ruling. He nonetheless also contends that the respondents' waiver of their § 2244(d)(1)(C) defense below provides an alternative basis for rejecting their appeal. Because we agree with Núñez that the respondents' § 2244(d)(1)(C) defense was waived, we need not reach the District Court's equitable tolling analysis.

- 16 -

developed in their answer. He adds that the respondents repeatedly represented that § 2244(d)(1)(C) was not triggered by Sánchez Valle and thus that, as Núñez puts it, "the case rose or fell depending strictly on [Sánchez Valle's] retroactivity."

Of course, Núñez does recognize that after the respondents filed their answer, the District Court, of its own volition, raised the issue of whether the petition was untimely even under the more favorable limitations period set forth in § 2244(d)(1)(C). Núñez notes, however, that even after the District Court raised sua sponte the petition's potential untimeliness under § 2244(d)(1)(C), the respondents did not object to the District Court's statement that they had not previously addressed the issue, assert any justification for the failure to raise that defense in their answer, claim that the failure was the result of "mistake or inadvertence," or seek leave to amend. Noting that the respondents also made no effort in their opening brief to defend their failure to raise § 2244(d)(1)(C) in the District Court, Núñez asks us to enforce what he contends was their waiver below of a defense based on that limitations period. He thus asks us, on the basis of that waiver, to reject the respondents' contention that his petition must now be dismissed as untimely under § 2244(d)(1)(C).

In their reply, the respondents contest Núñez's characterization of their conduct in the District Court, asserting

- 17 -

that they raised the § 2244(d)(1)(C) timeliness issue on "at least three occasions," identifying (1) their statement at the motion to dismiss hearing that the petition was also time-barred "tak[ing] the date that the petitioner filed [his] Rule 192.1 motion" and "calculat[ing] from the date [that] the [Sánchez Valle] decision was published," (2) their statement in their answer about the number of days after Sánchez Valle issued that Núñez filed his Rule 192.1 motion, and (3) their reference to § 2244(d)(1)(C) in the course of asserting the petition's untimeliness under § 2244(d)(1)(A). They also point to their response to the District Court's inquiry regarding the petition's potential untimeliness under § 2244(d)(1)(C). Finally, the respondents contend that, "even if, arguendo, [they] had forfeited [their] [§] 2244(d)(1)(C) timeliness argument by failing to raise it as an affirmative defense in [their] responsive pleading, the district court revived [it] . . . when it sua sponte ordered the parties to address [§ 2244(d)(1)(C)]" (citing Day v. McDonough, 547 U.S. 198, 209 (2006)).

As we will explain, we agree with Núñez that the respondents waived any contention that the petition was untimely based on § 2244(d)(1)(C) by knowingly failing to assert that ground for untimeliness in their answer to his petition. The District Court thus abused its discretion in raising sua sponte and then addressing the § 2244(d)(1)(C) defense after the respondents had

- 18 -

already relinquished it.  See Day, 547 U.S. at 210 n.11; Wood v. Milyard, 566 U.S. 463, 474 (2012).  Moreover, because the District Court's adjudication of the equitable tolling issue both followed from and depends on the waived § 2244(d)(1)(C) defense, we need not address whether the District Court erred in applying the doctrine of equitable tolling.  And so, because the respondents assert on appeal no basis independent from the petition's untimeliness under § 2244(d)(1)(C) for our overturning the District Court's ruling granting Núñez's petition, we affirm the judgment granting the petition.

## A.

"Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto."  Day, 547 U.S. at 202; see also Fed. R. Civ. P. 8(c); Habeas Rule 5(b).  And because "the principle of party presentation [is] basic to our adversary system," Wood, 566 U.S. at 472, a court generally may not raise an affirmative defense, such as a statute of limitations defense, that a party has not itself raised.  In the habeas context, however, the Supreme Court has recognized a modest exception to this principle, affirming the "district court's authority to consider a forfeited habeas defense when extraordinary circumstances so warrant," id. at 471 (citing Day, 547 U.S. at 201) (emphasis added), such as

when the government's failure to assert the defense is "inadvertent," id. at 473.[10]

The Supreme Court has made clear, however, that, "should a State intelligently choose to waive a statute of limitations defense, a district court would not be at liberty to disregard that choice." Day, 547 U.S. at 210 n.11 (emphasis added); see Wood, 566 U.S. at 471 n.5 (noting that a federal court only has authority to "resurrect" forfeited defenses). For that reason, a district court has no "discretion to take up [a] timeliness [defense]" sua sponte "when [the government] is aware of [the] limitations defense and intelligently chooses not to rely on it," Wood, 566 U.S. at 466, or when the defense is "strategically withh[e]ld," id. at 472 (quoting Day, 547 U.S. at 211). In those circumstances, the government has waived the defense by "knowingly and intelligently relinquish[ing]" it. Id. at 470 n.4.

The Supreme Court's decisions in Day v. McDonough, 547 U.S. 198, and Wood v. Milyard, 566 U.S. 463, illustrate the

---

[10] We note that when a respondent's failure to properly raise a defense amounts only to forfeiture, the district court is under "no obligation to assist attorneys representing the State" by raising the defense sua sponte, but neither is the court required to "suppress [its] knowledge" of the government's mistake. Day v. McDonough, 547 U.S. 198, 210 (2006). A court's discretion to raise the defense is also limited by its obligation to give fair notice, id., and to "determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred," Wood v. Milyard, 566 U.S. 463, 472 (2012) (quoting Day, 547 U.S. at 210-11) (internal quotation marks omitted).

- 20 -

difference between the government's forfeiture of a limitations defense, such that a federal court may raise it sua sponte, and its waiver of a limitations defense, such that a court may not. See Wood, 566 U.S. at 470 n.4 (explaining that the "distinction between defenses that are 'waived' and those that are 'forfeited'" is "key"). It is thus useful to begin our analysis by reviewing those precedents. We then will be well-positioned to explain why we conclude that the respondents waived below the affirmative defense predicated on § 2244(d)(1)(C) that the District Court sua sponte put in play (only to then reject it on equitable tolling grounds) and that they now assert as the only basis for reversal on appeal.

## 1.

In Day, the Supreme Court concluded that the district court had not erred in raising the statute of limitations sua sponte because the state had merely forfeited rather than waived the defense. See 547 U.S. at 202; see also Wood, 566 U.S. at 471 n.5 ("[W]e made clear in [Day] that a federal court has the authority to resurrect only forfeited defenses."). There, the state had asserted in a responsive pleading that the habeas petition had been "filed after 352 days of untolled time," and was therefore "timely." 547 U.S. at 203. But the state's assertion of timeliness was based on an "evident miscalculation of the elapsed time." Id. at 202. Catching this "obvious computation

- 21 -

error," the lower court raised the issue of timeliness sua sponte and dismissed the petition. Id. at 204, 209. Affirming, the Supreme Court concluded that, confronted with a "plain" and "inadvertent error," the lower court did not abuse its discretion in raising the limitations defense sua sponte. Id. at 211; see also Wood, 566 U.S. at 473 ("In [Day] . . . we emphasized[] [that] the State's concession of timeliness resulted from 'inadvertent error.'" (quoting Day, 547 U.S. at 211)). It emphasized, however, that the lower court "would not [have] be[en] at liberty to disregard" an "intelligent[] . . . waive[r]" of a limitations defense. Day, 547 U.S. at 210 n.11.

In Wood, by contrast, the Supreme Court concluded that just such a waiver had occurred, and that the court of appeals had therefore abused its discretion in raising the limitations issue sua sponte on appeal.[11] 566 U.S. at 474. There, the state "twice informed the [d]istrict [c]ourt that it '[would] not challenge, but [was] not conceding' the timeliness of Wood's petition." Id. The state had asserted in a pre-answer motion that the petition was "arguabl[y]" untimely but indicated to the court that it would

_____

[11] Wood, unlike Day, involved the discretion of the court of appeals -- rather than the district court -- to raise the timeliness of a habeas petition sua sponte. That distinction, however, is immaterial to its waiver analysis, which turned on whether the state's conduct in the district court amounted to the "intentional relinquishment or abandonment of a known right." Wood, 566 U.S. at 474 (quoting Kontrick v. Ryan, 540 U.S. 443, 458 n.13 (2004)). That analysis is equally applicable here.

not challenge the petition on those grounds, opting to rely on a different set of defenses instead. Id. at 469-70. On appeal, the Tenth Circuit nonetheless dismissed the petition as untimely. Id. at 468.

The Supreme Court reversed. Id. at 474. It concluded that the court of appeals had abused its discretion in overlooking the state's waiver of the limitations defense. Id. Emphasizing that "[w]aiver is the 'intentional relinquishment or abandonment of a known right," the Court reasoned that the state's conduct in that case "fit[] that description." Id. (quoting Kontrick v. Ryan, 540 U.S. 443, 458 n.13 (2004)).

Unlike in Day, the Court explained, the state's decision not to raise a timeliness defense "did not stem from an 'inadvertent error.'" Id. (quoting Day, 547 U.S. at 211). To the contrary, the state had "express[ed] its clear and accurate understanding of the timeliness issue" and "yet it chose, in no uncertain terms, to refrain from interposing" such a defense. Id. This conduct, the Court concluded, amounted to waiver of the limitations defense. Id.

**2.**

Here, like in Day and Wood, the respondents failed to assert as a defense in the District Court that Núñez's petition was untimely under the limitations period that the District Court ultimately treated as being applicable. At no point in their

answer -- or, for that matter, in their motion to dismiss or any other pre-answer filing -- did they assert that the petition was untimely under the limitations period set forth by § 2244(d)(1)(C). Instead, the respondents contended in both their motion to dismiss and their answer that the limitations period was not set by § 2244(d)(1)(C) because Sánchez Valle did not trigger that provision. Their sole limitations defense in those filings was that the petition was untimely under the limitations period set forth by § 2244(d)(1)(A).[12]

Moreover, unlike in Day, there is no basis for concluding that the respondents acted inadvertently in failing to assert in their answer that the petition was untimely under the limitations period that they now ask us to apply -- § 2244(d)(1)(C). To the contrary, the respondents themselves specified in their answer the date on which Núñez's Rule 192.1 motion was filed, as well as the fact that the motion post-dated Sánchez Valle by more than 365 days. Indeed, the respondents even discussed § 2244(d)(1)(C) in their answer when asserting their timeliness defense under § 2244(d)(1)(A). Clearly, then, they were aware of the potential relevance of the alternative limitations date supplied by that

_____

[12] Notwithstanding the respondents' primary contention that § 2244(d)(1)(A) and not § 2244(d)(1)(C) set the relevant limitations period, the respondents were in no way prevented from raising, in the alternative, a timeliness defense under the latter provision.

provision. And yet, in setting forth their affirmative defenses in the answer, the respondents did not oppose the petition on the ground that it would have been untimely even under § 2244(d)(1)(C). They instead contended only that Sánchez Valle does not state a retroactively applicable rule and that § 2244(d)(1)(C) therefore does not apply.

We recognize that the respondents did state at the District Court's hearing on their motion to dismiss that the petition was not only "time-barred . . . taking [as] a start date[] the date that the petitioner's conviction and sentence became final," but also "calculat[ing] from the date that the [Sánchez Valle] decision was published." However, that bare statement does not alter our analysis. The respondents not only failed to explain it at the hearing, but also never pressed it in any of their responsive filings -- not the motion to dismiss, which preceded the hearing, and not the answer, which followed it.

In other words, the respondents plainly "knew [they] had an 'arguable' statute of limitations defense" under § 2244(d)(1)(C), and yet they chose not to "interpos[e]" that defense in their answer. Wood, 566 U.S. at 474. Instead, the respondents asserted only a defense under § 2244(d)(1)(A) based on their contention that Sánchez Valle was not retroactively applicable and that § 2244(d)(1)(A) therefore supplied the applicable limitations date. In choosing to make only this limited

- 25 -

argument to the District Court in their answer, the respondents "deliberately steered the District Court away from the question [of the petition's timeliness under § 2244(d)(1)(C)] and towards the [question of Sánchez Valle's retroactivity]."[13] Id.

Of course, the District Court thereafter did sua sponte raise the possibility that the petition was untimely under § 2244(d)(1)(C). And the respondents did then assert that they would not waive the statute of limitations. But the respondents made that representation only after they had already "knowingly . . . relinquish[ed]" their statute-of-limitations-based defense under § 2244(d)(1)(C) by their conscious choice not to raise it in their answer despite plainly being aware of its availability as a defense. See id. at 470 n.4. As a result, the respondents cannot now contend that § 2244(d)(1)(C) provides a viable basis to reverse the District Court. Whether or not the District Court did err in its application of the equitable tolling doctrine, that doctrine is of relevance to the petition's

---

[13] We note that it hardly would have been absurd for the respondents to have opted to defend Núñez's petition on the basis that Sánchez Valle did not establish a new, retroactively applicable rule, without contending in the alternative that, even if Sánchez Valle did establish such a rule, Núñez could not benefit from it. After all, the applicable limitations period would have been tolled by Núñez's filing of a Rule 192.1 motion in the Puerto Rico courts during that period. See 28 U.S.C. § 2244(d)(2). If Núñez had filed his Rule 192.1 motion eleven days earlier, then that filing would have tolled the limitations period, and would likely have rendered timely his federal habeas petition, which he contends he filed as soon as his Rule 192.1 motion was denied.

timeliness only insofar as the limitations period in play is the one set forth by § 2244(d)(1)(C). But, because the respondents, in their answer, intelligently chose not to make any arguments about the petition's untimeliness under that provision, they waived the defense and may not now independently raise it as a basis for reversal on appeal.

The respondents do contend that, to the extent they "failed to raise" a § 2244(d)(1)(C) defense, the District Court "revived" that defense when it raised the petition's untimeliness under § 2244(d)(1)(C) sua sponte. However, the respondents only assert that the District Court must be understood to have "revived" that defense insofar as they "forfeited" it. They make no argument that the District Court must be understood to have "revived" their § 2244(d)(1)(C) defense if they waived it -- nor, as both Day and Wood make clear, could they. And because we conclude that the respondents' knowing failure to assert § 2244(d)(1)(C) as an affirmative defense in their answer amounted to a waiver of that defense, the District Court had no authority to "revive" it. See id. at 471 n.5 ("[A] federal court has the authority to resurrect only forfeited defenses.").

In so concluding, we also emphasize that this case is not like Dimott v. United States, 881 F.3d 232 (1st Cir. 2018), in which we concluded that the court of appeals could excuse the government's failure to raise a timeliness defense below, even

though that case did not involve a "clear computation error." Day, 547 U.S. at 210. That case, unlike this one, did not involve the respondent "expressing its clear and accurate understanding of the timeliness issue." Dimott, 881 F.3d at 238 (quoting Wood, 566 U.S. at 474). We thus emphasized there that the facts of the case demonstrated that the government had acted no more than "inadverten[tly]" in failing to raise the timeliness defense below. Id. at 238-39.

Reinforcing the difference between Dimott and this case is the fact that in Dimott both the timeliness issue and the merits issue turned on whether the petitioner had stated a claim under the new rule announced in Johnson v. United States, 576 U.S. 591 (2015). Dimott, 881 F.3d at 239. Thus, because the "crux" of the timeliness and merits issues were the same, the government in that case had little to gain from "strategically withh[o]ld[ing] the [limitations] defense." Id. (first and third alterations in original) (quoting Wood, 566 U.S. at 472); see also id. at 239 (explaining that there was no risk that in bypassing the government's failure to raise the statute of limitations, the court would "reward[] the [g]overnment for any gamesmanship").

Here, however, the respondents opted in their answer to the petition to rely solely on the limitations defense that dovetailed with their merits argument: that Sánchez Valle is not retroactively applicable. They thus did not advance the distinct

argument that the petition would be untimely even if Sánchez Valle were retroactively applicable. As a result, their contention that the petition was meritless because Sánchez Valle was not retroactive, while perfectly mirroring their separate contention that the petition also was untimely under § 2244(d)(1)(A), in no way teed up or necessitated consideration of whether the petition was independently untimely under § 2244(d)(1)(C). In fact, in raising the question of whether the petition was untimely under the limitations period set forth by § 2244(d)(1)(C), the District Court emphasized that the parties had not in their prior filings addressed that issue.

We note as well that the persistent lack of interest that the respondents demonstrated in pressing a limitations defense under § 2244(d)(1)(C), in favor of crystallizing the retroactivity issue for the court, continued even after the District Court raised the § 2244(d)(1)(C) issue sua sponte. Although the respondents did agree with the District Court's observation that Núñez's petition "appear[ed] untimely" even if Sánchez Valle applied retroactively, the respondents did not discuss § 2244(d)(1)(C) in responding to the District Court's inquiry as to whether they would waive the statute of limitations. The respondents instead continued to treat the issue as merely implicating the retroactivity of Sánchez Valle. Explaining why it would not waive the limitations defense, the respondents argued

- 29 -

that "appl[ying] [Sánchez Valle] retroactively . . . would overturn almost 30 years' worth of convictions" and "would seriously undermine the principle of finality which is essential to . . . our criminal justice system." Only on appeal do the respondents now focus their attention squarely on defending the petition's untimeliness under § 2244(d)(1)(C), forgoing entirely any reliance on the arguments they advanced below.

**B.**

For these reasons, we conclude that the respondents "intelligently" waived their limitations defense under § 2244(d)(1)(C) by knowingly failing to assert it in their answer. As a result, we conclude that, to the extent the District Court "disregard[ed]" that waiver by raising and addressing the § 2244(d)(1)(C) defense sua sponte, it abused its discretion in doing so. Day, 547 U.S. at 210 n.11. Because the respondents advance on appeal no defense to the petition other than the one that we conclude they waived below, we see no basis for disturbing the District Court's ruling granting the petition.

**III.**

The judgment of the District Court is **affirmed**.